**Opinion issued November 26, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00285-CR

———————————

**HENRY R. GARCIA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 252nd District Court
Jefferson County, Texas[1]
Trial Court Case No. 11-12482

**MEMORANDUM OPINION**

---

[1]     Pursuant to its docket equalization authority, the Supreme Court of Texas transferred the appeal to this Court. *See* Misc. Docket No. 12–9107 (Tex. Jun. 18, 2012); *see also* TEX. GOV'T CODE ANN. § 73.001 (West 2005) (authorizing transfer of cases).

Appellant, Henry R. Garcia, pleaded guilty to a second-degree felony count of failure to register as a sex offender under Chapter 62 of the Texas Code of Criminal Procedure. In accordance with appellant's plea-bargain agreement with the State, the trial court found sufficient evidence to find appellant guilty, but deferred making any finding regarding appellant's guilt and placed appellant on community supervision for a period of 10 years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(a) (West Supp. 2012). A few months later, appellant was arrested for (1) giving false identifying information to a police officer while a fugitive from justice, (2) evading arrest, and (3) taking a weapon from a police officer with the intent to harm the officer or another person. Based upon these new law violations, the State filed a motion to adjudicate appellant's guilt on the earlier failure-to-register charge. *See id.* § 5(b). Appellant pleaded true to all three new violations, and the court adjudicated him guilty. After a punishment hearing, the trial court sentenced appellant to 20 years' confinement. *See* TEX. PENAL CODE § 12.33 (West. 2011). Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Appellant has not filed a response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[2]   Attorney David Barlow must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[2]   Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals.  *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).